Bergan, J. (dissenting).
Petitioner was a lieutenant in the New York City Fire Department. He was retired October 2, 1969 for “ ordinary disability ”, i.e., a physical disability not service related. At this time he had served 17 years, 8 months and 16 days in the Fire Department. He had prior service for the City of New York, in the Sanitation Department, of 8 years, 6 months and 12 days. If he is given credit for both Fire Department service and Sanitation Department service he would have a total of 26% years’ service and if this is calculated in his pension he would receive 26.25/40 of his final compensation of $12,714.69. Without this additional time calculated in the pension, he would receive one half of his final pay.
Petitioner in April, 1968 paid into the annuity .savings account in the Firemen’s Pension Fund the amount which had been credited to his earlier service in the Sanitation Department and which he had withdrawn. This payment was made pursuant to section B19-7.58 (suhd. d) of the New York City Administra *977 tive Code, which, as amended in 1967, authorized credit in the fund “ for prior creditable city service The director of the Bureau of Accounts and Procurement of the Fire Department notified petitioner ‘ ‘ this time will be added to your Fire Department record ”. On the city’s construction of the retirement sections of the Administrative Code (tit. B, art. 1-B, Fire Department Pension Fund and Related Funds), petitioner is not entitled to have the prior service considered in calculating his pension.
Section B19-7.58, entitled “ Credit for service ”, provides that a member of the New York City Employees’ Retirement System whose membership “was terminated by his attaining membership in” the Fire Department Pension Fund “shall receive credit in the said fire department pension fund ’ ’ for prior ‘ ‘ creditable city service ’ ’ by paying into the fund the amount of his contributions in the City Employees’ Retirement System. Concededly, petitioner paid and the fund received and credited to him the appropriate amount.
There are two construction problems with this section. The first is what is meant by “ prior creditable city service ”. The statutory definitions for article 1-B state that “city service” means service in the uniformed force of the department and “shall include service credit” transferred from the Police Department (§ B19-7.54, subd. 3).
In the context of usage in section B19-7.58 this could not possibly mean that ‘ ‘ prior creditable service ’ ’ was service in the Fire Department because the section was dealing with other kinds of city service for which the “ city employees’ retirement system ’ ’ was the appropriate agency and this, therefore, could not mean the Fire Department or the other uniformed service tied into it, the Police Department.
It could mean, and literally embraced, the Sanitation Department as an agency for which the general city retirement system described in section B19-7.54 (subd. 3) was the appropriate pension unit. Thus, up to this point, a reasonable construction of that section would require holding that petitioner’s prior service should have been considered in the computation.
The second difficulty is the terms of a proviso in section B19-7.58 (subd. d) to the effect that “no member of the said fire department pension fund shall be eligible for retirement for *978 service until he has served in the fire department for a minimum period of twenty or twenty-five years ’
Petitioner’s retirement, however, was not a “ retirement for service ’ ’. It was a retirement for ordinary disability because the department was of opinion he was ‘ ‘ unfit for duty ’ ’ after suffering a heart attack. The statute expressly treats ‘ ‘ ordinary disability ” and “ retirement for ordinary disability ” specially and differently from “ retirement for service ” (§ B19-7.88).
This last section provides that if the number of years of ‘1 city-service credited ” to him exceeds the minimum period of service elected by him, i.e., “ retirement for service ” (in this case petitioner elected 20 years), he shall recive 1/40 times the number of years of city service ‘ ‘ credited to him ’ ’. If it is less than that, he shall receive one half “of his final compensation” (subds. 1, 2). It is this last measure that the city argues should apply to this petitioner. Adding the total service together, of course, brings petitioner above one half.
This section brings one back to what the expressions ‘1 city service”, “city service credited” and “prior creditable city service ” mean. A reasonable reading of the thrust of section B19-7.58 (subd. d) on the prior city service credited under section B19-7.88 is that it includes the Sanitation Department service for which the Fire Department Pension Fund received the appropriate amount in cash resulting in ‘ ‘ time # * * added to your Fire Department record ’ ’.
Nor does the 1964 memorandum of the Uniformed Fire Officers’ Association in support of the legislation which added subdivision d to section B19-7.58 help in construing the statute. It stated that the amendment would permit benefits for members who had been employed by the city ‘1 in another department ’ ’ only after 20 years of service in the Fire Department. No analysis was attempted as to the kind of a problem raised in this litigation where the 20-year limit prerequisite is not measured against ‘ ‘ retirement for service ’ ’. The term used in the memorandum, “ the computation of pension benefits ”, is not the term used in the statute itself, and the memorandum was not a discriminating analysis but a generally informative description.
Appellant correctly observes that the memorandum was “ obviously discussing only the effect of § B19-7.58 credit on service retirees ” and noted that section B19-7.88 in its present form was not enacted until five years later. What the memoran *979 dum does indicate is that in drafting section B19-7.58 the proposers were thinking in terms of service retirement and had not considered the effect on disability retirement. And the drafting of section Big^.SS in its present form, providing for percentages based on “years of city-service credited”, apparently did not fully embrace the effect of crediting prior service in other departments.
If the statute has a doubtful or arguable meaning, and that is the very least that may be said of it, it should be construed favorably to this petitioner whose physical disability followed after 25 years of service.
The order should be reversed and the decision at Special Term reinstated.
Order affirmed, etc.